UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RECEIPT # 59530
AMOUNT $ 150
SUMMONS ISSUED Y-1
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. M
DATE 10-22-04

2004 OCT 22 P 3:18
U.S. DISTRICT COURT
DISTRICT OF MASS.

)
CHARLES LANGONE, as FUND MANAGER )
of the NEW ENGLAND TEAMSTERS AND )
TRUCKING INDUSTRY PENSION FUND )
)
    Plaintiff, )
) C.A. No.
v. )
)
WILLIAM WALSH, INC., )
) 04-12224 GAO
    Defendant, )
)

## COMPLAINT

1. This is an action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, et seq., brought on behalf of the New England Teamsters and Trucking Industry Pension Fund ("Pension Fund") for damages and injunctive relief arising from unpaid and delinquent contributions.

2. This court has jurisdiction pursuant to 29 U.S.C. §1132(e)(1) and venue lies in this district pursuant to 29 U.S.C. §1132(e)(2).

3. Plaintiff, Charles Langone, is the Fund Manager of the Pension Fund and is a "fiduciary" within the meaning of Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3). The Pension Fund is a "multi-employer plan" within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. §1002(37)(A) and is an "employee benefit plan" or "plan" within the meaning of Section 3(3) of ERISA, 29 U.S.C., §1002(3). The Pension Fund has its principal office at and is administered from 535 Boylston Street, Boston, Massachusetts.

4. Defendant is an employer with a place of business in Avon, Massachusetts. Defendant

is an "employer" within the meaning of 29 U.S.C. §1002(5) and an employer in an industry affecting commerce within the meaning of 29 U.S.C. §142(1) and §152(2),(6) and (7).

5. Teamsters Local Union No. 82 is a "labor organization" within the meaning of 29 U.S.C. §152(5).

6. At all material times, defendant has been obligated by the terms of one or more collective bargaining agreements between defendant and Teamsters Local Union No.82 and by the terms of an Agreement and Declaration of Trust to which defendant is bound to make contributions on behalf of certain employees to the Pension Fund.

7. Defendant has failed to make required contributions to the Pension Fund in violation of Section 515 of ERISA, 29 U.S.C. §1145.

WHEREFORE, plaintiff demands that judgment enter in accordance with Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2):

1. Awarding the Pension Fund the following amounts:

   a. the unpaid contributions;

   b. interest on those contributions from the date the payment was due;

   c. liquidated damages in an amount equal to the greater of interest on the unpaid contributions or 20% of the unpaid contributions;

   d. all costs and reasonable attorney's fees incurred by the Pension Fund in connection with this action; and

2. Permanently enjoining the defendant from violating its obligations under the terms of its collective bargaining agreements with Teamsters Local Union No. 82 and the Agreement and Declaration of Trust to make timely contributions and reports to the Pension Fund; and

3. Ordering such other and further relief as this court may deem just and proper.

Dated: October 22, 2004

Respectfully submitted,

Catherine M. Campbell
BBO #549397
FEINBERG, CAMPBELL & ZACK, P.C.
177 Milk Street
Boston, MA 02109
(617) 338-1976

_____
Attorney for plaintiff,
Charles Langone, Fund Manager

### CERTIFICATE OF SERVICE

I, Catherine M. Campbell, hereby certify that I caused a copy of the foregoing to be mailed this date by certified mail, return receipt requested, to the United States Secretaries of Labor and Treasury.

_____
Catherine M. Campbell

3